UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYDEL HECHAVARRIA ACOSTA (A- 244-421-508),<br>Petitioner,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | No. 1:26-cv-6128 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Raydel Hechavarria Acosta (A-244-421-508), a native of Cuba who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering that petitioner be granted a bond hearing.

///

///

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND[2]

Petitioner was paroled into the United States on March 2, 2023, through the CBP-One program. (ECF No. 1 at 7.) Petitioner received a notice to appear and was released on his own recognizance. (Id.) On or about July 12, 2026, petitioner was detained by immigration authorities. (Id.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 8.) Respondents do not contest petitioner's factual allegations. (See ECF No. 7.)

On August 3, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 13, 2026, respondents timely filed their response to the petition. (ECF No. 7.) Petitioner did not file a traverse. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner claims his re-detention without a hearing violates his due process rights under the Fifth Amendment (claim one), petitioner was subject to warrantless arrest (claim two), petitioner has a liberty interest in his release (claim three), and his detention is arbitrary and unsupported (claim four). (ECF No. 1 at 6-8.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's fourth claim to raise a statutory claim under the Immigration and Nationality Act ("INA"). (ECF No. 1 at 8.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that petitioner was detained under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 7 at 1.) This is consistent with the government's position that such immigrants are "applicants for admission," and that petitioner's detention is mandatory. Further, respondents do not contend that petitioner has a criminal history or that he violated any release conditions. (See ECF No. 7.)

Respondents acknowledge that petitioner "is entitled to seek a custody redetermination hearing before an immigration judge" in light of Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Id.) The Court interprets respondents' acknowledgment to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[3] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,

[3] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails, and pursuant to Rodriguez Vazquez and based on respondents' acknowledgment, the Court recommends granting the petition and ordering that petitioner be provided a bond hearing.

**IV. PETITIONER'S REMAINING CLAIM(S)**

In the petition, petitioner also raised due process and other claims (claims one through three). (ECF No. 1 at 6-7.) Because the Court recommends granting the petition on the statutory claim (claim four), the Court need not address any additional claim (claims one through three) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL

2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim four.

**V. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim four).

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to provide petitioner Raydel Hechavarria Acosta (A-244-421-508) with a bond hearing before an immigration judge/neutral decisionmaker within **fourteen days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention. Respondents must provide petitioner with at least **seven days'** notice before the bond hearing.
3. Given petitioner's pro se status, respondents be directed to file, within **seven days** after the bond hearing, a status report addressing petitioner's status.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

///

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/acos6128.157.2241.imm.BOND